THOMAS WALLACE MORE, Respondent, v. PETER MASSINI, Appellant.

No. 2542; January 12, 1871.

New Trial—Filing Affidavit Within Time.—Under the Practice Act a party who intends to move for a new trial must file with the clerk of the trial court a statement or affidavit within the required time, the statement being "a proposed case."

New Trial—Necessity of Filing Proposed Case.—The court has no power to settle a proposed case not previously filed with the clerk, except by stipulation by the parties.

Appeal—Service of Statement.—Under the Practice Act, when a statement on appeal is proposed, a copy must be served upon the respondent, who may thereafter prepare his amendments and serve them upon the appellant.

APPEAL from First Judicial District, Santa Barbara County.

S. F. & J. Reynolds for respondent; Albert Packard for appellant.

See Moore v. Massini, 43 Cal. 389.

WALLACE, J.—We cannot disturb the order of the court below denying a new trial. The defendant has not pursued the steps required by the statute to enable us to review the proceeding of the court below in that respect.

The action was tried before the court sitting without a jury and findings were filed. Under section 195 of the Practice Act the defendant, if he intended to move for a new trial, was bound to file with the clerk of the court below a statement, or affidavit, within a prescribed time. This "statement" is, of course, a proposed statement, and one which is the subject of amendment and of settlement by the judge thereafter, if not agreed to by the adverse party. No such proposed statement was ever filed in this case. A proposed statement, which was never placed on file at any time, as such, was, however, settled and certified by the judge of the court below on March 20th, filed March 23d, and a copy of the settled and certified statement was left at the residence of the respondent More, in the hands of his wife. The statute does not require service of a statement on motion for new trial to be made upon the opposite party or upon his counsel. Such service, when required at all, is always by rule of court. It would be difficult to see for what purpose a statement already settled should be served, for it would only go to inform the party served that he had already been deprived by this ex parte proceeding of an opportunity to make his objections, if he had any, to the statement of his adversary. One of the steps required by statute in the proceeding to obtain a new trial is, that the proposed statement should be filed, and if it be not filed, the right to move is waived. The judge ought not, without the express stipulation of parties, to settle a proposed statement which had not been previously filed. Nor is the statement here sufficient as a statement on appeal. Section 338 requires that when a statement on appeal is proposed, a copy shall be served upon the respondent, who may thereafter prepare his amendments, and serve a copy of them upon the appellant. No such step was taken as to this statement, for, as we have already observed,

the only service (if service it was) that was ever made upon the respondent was after his opportunity to propose amendments had been cut off by an ex parte settlement of the statement already had in advance.

These steps prescribed by statute to be taken are intended to preserve the substantial rights of parties, by affording opportunities to so amend the proposed statement, whether on motion for new trial or on appeal, as to make it conform to the truth, and it was not intended that any suitors' rights should be affected here by an ex parte statement prepared by his adversary, without opportunity afforded for its correction, if desired.

In addition to this, the statement as found in the record contains no sufficient specification under the settled rule.

The judgment and order denying new trial are affirmed.

We concur: Rhodes, C. J.; Temple, J.; Crockett, J.